IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARKEISHA TUCKER<br><br>Plaintiff,<br><br>vs.<br><br>TOYOTA MOTOR MANUFACTURING, INDIANA, INC.,<br><br>Defendants. | ) | CAUSE NO. 3:26-cv-192 |

## COMPLAINT FOR DAMAGES

Plaintiff, Markeisha Tucker, for her complaint against Defendant, Toyota Motor Manufacturing, Indiana, Inc., states the following:

### I. Parties

1. Plaintiff is a resident of Evansville, Indiana.

2. Defendant is a business with offices in Gibson County, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear these claims pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the Family Medical Leave Act ("FMLA" and the Employee Retirement Security Act ("ERISA").

4. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

5. Venue in the Southern District of Indiana, Evansville Division, is appropriate by virtue of Plaintiff's residence and Defendant's doing business in this District.

## III. Factual Allegations

6. Plaintiff began working for Defendant, on or about August 29, 2022.

7. Plaintiff was an employee of Defendant.

8. Plaintiff was paid as an hourly employee.

9. Plaintiff's final hourly rate was $33.30 per hour plus a $1.50 shift premiere.

10. Plaintiff was injured on the job while working for Defendant on February 19, 2025.

11. Initially, Plaintiff continued to work for Defendant while on Worker's Compensation.

12. On September 26, 2025, Plaintiff had surgery for her Worker's Compensation injury.

13. As of February 19, 2025, Defendant had 50 or more employees within a 75 mile radius of its Princeton manufacturing facility.

14. As of February 19, 2025, Plaintiff had worked 1,250 hours or more within the past 12 months.

15. Starting on February 19, 2025, Plaintiff was off work for more than three (3) consecutive days for medical reasons.

16. As of September 26, 2025, Defendant had 50 or more employees within a 75 mile radius of its Princeton manufacturing facility.

17. As of September 26, 2025, Plaintiff had worked 1,250 hours or more within the past 12 months.

18. Starting on September 26, 2025, Plaintiff was off work for more than three (3) consecutive days for medical reasons.

19. As of February 19, 2025, Plaintiff began suffering from a serious health condition.

20. Plaintiff was eligible for FMLA leave on February 19, 2025.

21. As of September 26, 2025, Plaintiff began suffering from a serious health condition.

22. Plaintiff was eligible for FMLA leave on September 26, 2025.

23. Upon information and belief, Defendant did not offer FMLA leave to Plaintiff.

24. On October 23, 2025.Plaintiff was sent a letter Defendant denying Plaintiff's request for a medical leave of absence.

25. On September 29, 2025, Plaintiff had her security badge taken away from her.

26. Defendant terminated Plaintiff on September 29, 2025.

27. On October 10, 2025, Plaintiff received a phone call from Defendant informing her that she had been terminated.

28. Alternatively, Defendant terminated Plaintiff on October 10, 2025.

29. Defendant fired Plaintiff in retaliation for taking FMLA leave in violation of the FMLA.

30. Defendant interfered with Plaintiff's right to return to work in violation of the FMLA.

31. Defendant fired Plaintiff in retaliation for having a Worker's Compensation injury.

32. Plaintiff had medical benefits while working for Defendant.

33. Following her termination, Defendant failed to provide Plaintiff with her COBRA Notice of Rights.

**Count I**
**Violations of FMLA**

34. Plaintiff incorporates paragraphs 1 through 33 by reference herein.

35. Defendant interfered with Plaintiff's right to return to work in violation of the FMLA.

36. Defendant retaliated against Plaintiff for taking FMLA leave in violation of the FMLA.

37. Plaintiff has been damaged by Defendant's violations of the FMLA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by FMLA.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

`

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count II**
**Violations of ERISA**

38. Plaintiff incorporates paragraphs 1 through 37 by reference herein.

39. Plaintiff was enrolled in Defendant's Group Medical Benefits Plan.

40. Defendant failed to send Plaintiff a Notice of COBRA Rights following her separation of employment.

41. As a result, Plaintiff has suffered damages.

42. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff daily penalty damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count III**
**Worker's Compensation Retaliation**

43. Plaintiff incorporates paragraphs 1 through 42 by reference herein.

44. Defendant retaliated against Plaintiff for having a Worker's Compensation claim.

45. Plaintiff has been damaged by Defendant's violations of the FMLA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by law.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

` Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

46. Plaintiff incorporates paragraphs 1 through 45 by reference herein.

47. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Markeisha Tucker

WELDY LAW
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: rweldy@weldylegal.com